

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 31 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROY SICULAR,<br><br>    Plaintiff,<br><br> – against –<br><br>N.Y.C. DEPARTMENT OF EDUCATION, MECCA SANTANA, and VICTORIA AJIBADE,<br><br>    Defendants. | MEMORANDUM, ORDER, & JUDGMENT<br><br>13-CV-3616<br><br> |

JACK B. WEINSTEIN, Senior United States District Judge:

**Appearances**

 **For Petitioner:**

  Roy Sicular
  P.O. Box 33
  Flushing, NY 11367
  PRO SE

 **For Defendants:**

  Shawn Matthew Clark
  New York City Law Department
  Office of the Corporation Counsel
  100 Church St.
  Room 2-318
  New York, NY 10007



## Table of Contents

I.   Introduction ...........................................................................................................................2

II.  Facts and Procedural History..................................................................................................3

III. Law.........................................................................................................................................4

    A.  Construal of a Pro Se Filing.............................................................................................4

    B.  Summary Judgment Standard ..........................................................................................4

    C.  Discrimination..................................................................................................................4

    D.  Retaliation .......................................................................................................................5

IV.  Application of Facts to Law ..................................................................................................6

    A.  Discrimination..................................................................................................................6

        1.  Placement on Ineligible List......................................................................................7

        2.  Closing of OEO's Investigation ................................................................................7

        3.  Termination by DOE .................................................................................................8

    B.  Retaliation ........................................................................................................................8

V.   Conclusion..............................................................................................................................9

## I.  Introduction

Plaintiff Roy Sicular, appearing pro se, sues the New York City Department of Education ("DOE"), Mecca Santa, and Victoria Ajibade, alleging race, gender, and religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, age discrimination under the Age Discrimination Employment Act, 29 U.S.C. §§ 621 *et seq*, and arrest record discrimination under the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*

Sicular claims that the Department of Education (1) discriminated against him based on race, gender, religion, and arrest record, and (2) retaliated against him for complaining to the Office of Equal Opportunity and Diversity Management ("OEO").

Defendants move for summary judgment on the grounds that plaintiff has failed to establish a prima facie case or rebut defendants' legitimate, non-discriminatory motives.

For the reasons set forth below, defendants' motion is granted.

## II. Facts and Procedural History

Sicular was employed by DOE as a substitute teacher from 1998-2009. Because of an arrest, on June 16, 2009, he was placed on the Ineligible/Inquiry List. *See* Compl. at 36, Attach. 17, Letter from DOE to Sicular (June 16, 2009). He was notified on September 8, 2011 that his teaching licenses/certificates were terminated effective June 16, 2009. *See* Pl.'s Rebuttal at 8, Attach. 3, Letter from DOE to Sicular (Sept. 8, 2011). A subsequent letter from DOE dated October 14, 2011 stated that this letter "supersedes and clarifies" the previous letter and that "another appeal is necessary." *See id.* at 9, Attach. 4, Letter from DOE to Sicular (Oct. 14, 2011).

While waiting for a decision from DOE, plaintiff filed a complaint with OEO on May 30, 2012 and with the New York State Division of Human Rights ("SDHR") on July 11, 2012. *See* Compl. at 2, 7, Attach. 1, Email copy of Compl. from Sicular to OEO (May 30, 2012). OEO closed its investigation of the complaint without making any findings. *See* Compl. at 22, Attach. 5, Letter from Ajibade to Sicular (June 29, 2012). On September 24, 2012, DOE notified plaintiff that his teaching licenses/certificates were terminated effective June 16, 2009. *See* Pl.'s Rebuttal at 10, Attach. 5, Letter from DOE to Sicular (Sept. 24, 2012).

On May 23, 2013, plaintiff commenced an article 78 proceeding in the New York State Supreme Court. He had a full opportunity to pursue his case. This action was dismissed as untimely. *See* Def.'s Rule 56.1 Statement, Ex. N.

Plaintiff alleges that: (1) his placement on the ineligible list by DOE constitutes arrest record discrimination; (2) the closing of the investigation by OEO constitutes religious discrimination; (3) his termination by DOE constitutes race, gender, religious, and arrest record discrimination; and (4) his termination by DOE constitutes retaliation for filing a complaint with OEO and SDHR.

## III. Law

### A. Construal of a Pro Se Filing

Allegations of a pro se complaint or petition are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Elliot v. Bronson*, 872 F.2d 20 (2d Cir. 1989). The court attempted to level the playing field for this pro se litigant by construing the facts as favorably to his position as is practicable and fair to the defendant.

### B. Summary Judgment Standard

Summary judgment is appropriate if, after construing the facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 498 (2d Cir. 2009); *Sledge v. Kooi*, 564 F.3d 105, 108 (2nd Cir. 2009); Fed.R.Civ.P. 56(c).

### C. Discrimination

Employment discrimination claims based on race or gender brought under Title VII, ADEA, and NYCHRL are analyzed under the *McDonnell Douglas*, 411 U.S. 792, 802-804 (1973), framework. *See Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 76 (2d Cir. 2005); *Weinstock v. Columbia Univ.*, 244 F.3d 33, 42 n.1 (2d Cir. 2000). A plaintiff must establish a

prima facie case of discrimination, which is "satisfied by a showing of membership in a protected class, qualification for the position, an adverse employment action, and preference for a person not of the protected class." *James v. New York Racing Ass'n,* 233 F.3d 149, 153-154 (2d Cir. 2000) (internal citations omitted).

With regard to disciplinary actions, "an employee does not suffer a materially adverse change in the terms and conditions of employment where the employer merely enforces its preexisting disciplinary policies in a reasonable manner." *Joseph v. Leavitt,* 465 F.3d 87, 91 (2d Cir. 2006).

The Court of Appeals for the Second Circuit has not categorically defined what circumstances permit an inference of discrimination. A "plaintiff must come forward with some evidence, beyond merely stating that he is a member of a protected class that suffered an adverse employment decision." *Williams v. Palladia, Inc.,* 2009 U.S. Dist. Lexis 15516, 21-22 (S.D.N.Y. Feb. 10, 2009).

If the employer can articulate a "legitimate, nondiscriminatory reason" for the termination, the "burden shifts back to the plaintiff to demonstrate by competent evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Leibowitz,* 584 F.3d at 499 (internal quotation marks and citation omitted).

### D.  Retaliation

A prima facie case of retaliation requires that the plaintiff show: (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines,* 593 F.3d 159, 164 (2d Cir. 2010) (internal quotation marks omitted).

A plaintiff may prove causation either "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000.) Causation may also be demonstrated through a showing that plaintiff was subject to more severe penalties than other employees who had engaged in similarly unsatisfactory conduct. *DeCintio v. Westchester County Med. Ctr.*, 821 F. 2d 111 (2d Cir. 1987).

The defendant may then rebut the plaintiff's prima face case by demonstrating that the facts of the prima facie case are not true or by demonstrating that it had a legitimate non-retaliatory reason for sanctioning the employee as it did. The plaintiff must then show that "retaliation was a substantial reason for the adverse employment action." *Hicks*, 593 at 164.

IV. **Application of Facts to Law**

    A. **Discrimination**

Under Title VII and ADEA, individuals are not liable in their individual capacities. *See Patterson v. County of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004). All claims against individual defendants are dismissed on the merits.

For the reasons stated below, plaintiff cannot establish a prima facie case of discrimination for any of his claims. Even if plaintiff could establish a prima facie case for any of his claims, he has failed to rebut defendants' legitimate, nondiscriminatory reasons for their actions.

1.      **Placement on Ineligible List**

Plaintiff argues that his arrest should not have prompted DOE to place him on the Ineligible/Inquiry List or terminate him because the matter did not involve children. While DOE is particularly concerned with arrests for matters involving children, it is also "concerned with all arrests . . . ." *See* DOE Regulation of the Chancellor C-105, § 9(b). In addition, termination could result from behavior that "includes but is not limited to allegations of criminal wrongdoing . . . which would pose a threat to the safety of students and staff, and conduct which brings disrepute to the district, school or school system." *See* Regulation of the Chancellor C-31. There is no indication that DOE improperly applied these regulations. In addition, plaintiff presents exhibits demonstrating that his termination hearing included consideration of multiple factors aside from his arrest, including complaints about his classroom management, filings of false complaints, and untimely report of his arrest. *See* Compl. at 5, 8, 25, 29, 32, 33. Plaintiff's disagreement with DOE's conclusion is insufficient to demonstrate discrimination against him due to his arrest record.

2.      **Closing of OEO's Investigation**

Plaintiff alleges that the handling of his complaint by OEO investigator Ajibade gives rise to an inference of discrimination. He claims that shortly after he mentioned that he had lived in Israel, Ajibade ended the in-person interview with plaintiff and did not pursue an investigation of his complaint. *See* Compl. at 26, Attach. 9, Letter from Sicular to Santana (Aug. 9, 2012). Israel is a nation of many cultures and religions; terminating a full interview after mention of Israel is insufficient causal evidence of religious discrimination.

Even if plaintiff could establish a prima facie case, he has failed to rebut defendants' legitimate, nondiscriminatory reasons for its actions. Ajibade explained that she terminated the

meeting due to "belligerent, argumentative and openly hostile" behavior during a June 5, 2012 phone conversation and "threatening and combative behavior" during the June 29, 2012 in-person meeting. *See* Compl. at 22, Attach.5, Letter from Ajibade to Roy Sicular (June 29, 2012). Plaintiff has provided no evidence to demonstrate that this concern was pretextual.

### 3. Termination by DOE

Plaintiff alleges that his teaching license/certificate was revoked but that other teachers of a different age, race, religion, or gender were not similarly disciplined. *See* Compl. at 21, Attach. 4, Letter from Sicular to Peel (Sept. 30, 2012). A plaintiff relying on disparate treatment evidence "must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." *See Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000). In support of this claim, he has provided a list of teachers who "are not to return to the school." *See* Compl. at 23, Attach. 6, Letter from Barbara Sanders to DOE (June 26, 2007). The list does not demonstrate that they are similarly situated. It contains no information about whether these individuals were placed on an ineligible list due to an arrest, had their teaching license/certificates terminated, or are of a different age, race, religion, or gender than plaintiff. His claim is based solely upon speculation.

### B. Retaliation

Plaintiff does not make a prima facie case of retaliation. He alleges that his termination was retaliation for filing a complaint with OEO and SDHR. S*ee* Compl. at 2. Unsupported by any evidence is a causal connection between this protected activity and his termination. He was notified of his initial termination on September 8, 2011. *See* Pl.'s Rebuttal at 8, Attach. 2, Letter from DOE to Sicular. While awaiting appeal of this decision, he filed a complaint with OEO on May 30, 2012 and with SDHR on July 11, 2012. *See* Compl. at 2, 7. Finally, on September 24,

8

2012, he received a letter notifying him of his termination. *See* Pl.'s Rebuttal at 10, Attach. 5, Letter from DOE to Sicular (Sept. 24, 2012). This letter had the exact same content as the previous termination notification from over a year prior. *See* Pl.'s Rebuttal at 8. DOE's Office of Appeals and Reviews reached the same conclusion to terminate plaintiff's licenses and certificates both before and after plaintiff filed his complaints with OEO and SDHR.

Even if plaintiff could establish a prima facie case of retaliation, he has not rebutted the defendant's legitimate, non-retaliatory reasons for its disciplinary actions. There is no indication that DOE had insufficient cause to terminate plaintiff's employment after he had been noted for having a class management problem, placed on the Ineligible/Inquiry List for an arrest, and had his case twice considered by DOE's Office of Appeals and Reviews.

## V. Conclusion

Summary judgment is granted to the defendants on all of plaintiff's claims. The case is dismissed. No costs or disbursements are awarded.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date:   January 30, 2014
        Brooklyn, New York